UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ALEX ACEVEDO, individually and on behalf of all other
persons similarly situated,

|  |  |
|---|---|
| Plaintiff, | **CLASS ACTION** |
| -against- | **COMPLAINT** |

TRADER JOE'S EAST, INC.,

                          Defendant.
-----------------------------------------------------------------------X

       Plaintiff, ALEX ACEVEDO ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, TRADER JOE'S EAST, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

       1.    Plaintiff brings this action on behalf of himself and similarly situated current and former employees of Defendant who worked for Defendant in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of the New York Labor Law ("NYLL"). Plaintiff seeks injunctive and declaratory relief, unpaid wages, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198.

       2.    This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and all similarly situated persons who work or have worked for Defendant in non-exempt hourly-paid positions ("Crew Members") in the State of New York.

       3.    At all relevant times, Defendant has compensated Plaintiff and all other Crew Members who work or have worked for Defendant in New York on a bi-weekly basis. Although Plaintiff and similarly situated persons are manual workers, Defendant has failed to properly pay Plaintiff and other similarly situated persons their wages within seven calendar days after the end of the week in which these wages were earned, as required by New York Labor Law § 191.

1

4.      In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Crew Members in New York.

5.      Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 et seq. ("NYLL").

6.      Store managers, and others with executive positions, who are paid fixed salaries, are not members of the class that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

8.      Defendant operates approximately 35 retail stores in the State of New York.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## PARTIES

10.      Plaintiff is a resident of the State of New York.

11.      Defendant is incorporated in the State of Massachusetts and has its principal place of business in Massachusetts.

12.      At all times relevant, Plaintiff was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of New York Labor Law § 190(4).

13.     At all times relevant, Defendant was an "employer" within the meaning of NYLL § 190(3).

## FACTUAL ALLEGATIONS

14.     Plaintiff was employed by Defendant as an hourly-paid, manual worker who worked as a Crew Member at Defendant's store located at 200 East 32nd Street, New York, New York 10016 from in or about December 2019 to on or about February 28, 2022.

15.     Plaintiff's job duties included operating the cash register; bagging groceries; stocking shelves; merchandising; maintaining the cleanliness of his work area and the store; all of which required substantial periods of standing, walking, lifting, carrying, and bending to complete these duties.   Plaintiff and other Class Members spent more than twenty-five percent of their hours worked each week performing manual tasks.

16.     Defendant failed to pay Plaintiffs and similarly situated persons who work or have worked in hourly-paid positions as Crew Members in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191.  Instead, Defendant paid Plaintiffs and similarly situated persons who work or have worked in hourly-paid positions as Crew Members on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

17.     Plaintiff and Class Members suffered an underpayment of wages each pay period because Defendants failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

18.     Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK LABOR LAW

19.     Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as hourly-paid Crew Members in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

20.     The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants.  Upon information and belief, there are at least 1,000 Class Members who have worked for Defendants as hourly-paid Crew Members in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.  The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

21.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are at least 1,000 Class Members who have worked for Defendants as hourly-paid Crew Members in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether

4

Defendants paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of NYLL § 191; whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis; whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and the appropriate measure of damages for the class.

23.    Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendants failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Additionally, Defendant's failure to timely pay wages earned caused Plaintiff and the Class Members to suffer the same or similar harms.  Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

24.    All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

25.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

26.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present

action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

27.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendants.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

28.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

29.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

30.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

*Individual Claim on Behalf of Plaintiff*

31.     Plaintiff is an African-American male.

32.     Throughout Plaintiff's employment with Defendant, his White manager repeatedly referred to him as "brown sugar."

33.     On February 28, 2022, Plaintiff's White manager discriminated against him in the terms and conditions of his employment on the basis of race by terminating Plaintiff's employment without justification.

34.     Plaintiff's manager purportedly terminated his employment because he attempted to prevent a customer from shoplifting at the store. Similarly situated employees at Plaintiff's store who were not African-American engaged in conduct comparable to that of Plaintiff but were not disciplined or terminated by Plaintiff's White manager. Indeed, two employees who are not African-American were involved in an altercation with a customer because the customer refused to comply with the store's mask policy.  Plaintiff and his co-workers were subject to the same standards of conduct.  Plaintiff was subject to disparate treatment by his White manager on account of his race.

35.     As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and will continue to suffer the loss of his job and the opportunity to work, the loss of his wages and the loss of benefits that he would be receiving but for Defendant's discriminatory conduct. As a proximate result of Defendant's discriminatory action, Plaintiff has suffered and continues to suffer emotional harm, mental anguish, embarrassment and humiliation.

**FIRST CLAIM FOR RELIEF**
**FREQUENCY OF PAYMENT VIOLATION**

36.     Plaintiff and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

37.     Plaintiff and Class Members are manual workers within the meaning of NYLL § 190(4).

38.     Defendants were required to pay the Plaintiff and Class Members on a weekly basis, and not later than seven days after the end of the workweek in which the wages were earned.

39.     Defendants failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of New York Labor Law § 191.

40.     By Defendants' unlawful actions, Defendants' willfully violated the New York Labor Law and the supporting New York State Department of Labor Regulations.

41.     Plaintiff and Class Members are entitled to damages equal to the total amount of the delayed wages and reasonable attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF SECTION 1981**

42.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

43.     Defendant discriminated against Plaintiff on the basis of race in violation of Section 1981 of the Civil Rights Act of 1866.

44.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

45.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

46.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

**THIRD CLAIM FOR RELIEF**
**CITY HUMAN RIGHTS LAW**

47.     Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

48.     By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of race in violation of the Administrative Code of the City of New York, 8-101 et seq. (the "City Human Rights Law").

49.     As a result of Defendant's discrimination, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

50.     The conduct of Defendants was done in conscious disregard of Plaintiff's rights warranting an award of punitive damages.

**DEMAND FOR JURY TRIAL**

51.     Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

52.     Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.)      An order restraining Defendants from any retaliation against Plaintiff and Class Members for participation in any form in this litigation;

(ii.)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law and the supporting New York State Department of Labor Regulations;

(iii.)    Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(iv.)     Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v.)      Damages pursuant to NYLL § 198;

(vi.)     Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii.)    Pre-judgment and post-judgment interest as permitted by law; and

(viii.)   Such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff, individually prays for the following relief:

(i)       Judgment declaring the acts and practices complained of herein are in violation of the Civil Rights Act and the City Human Rights Law;

(ii)      Reinstatement of Plaintiff to an equivalent position;

(iii)     Damages in the form of back pay with interest;

(iv)      Front pay, in lieu of reinstatement;

(v)       Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi)      Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vii)     Pre-judgment and post-judgment interest as permitted by law; and

(viii)    Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
          March 10, 2022

> LAW OFFICE OF PETER A. ROMERO PLLC
> *Attorneys for Plaintiff*
> 490 Wheeler Road, Suite 250
> Hauppauge, New York 11788
> Tel.: (631) 257-5588
>
> By:      */s Peter A. Romero*
>          _____
>          PETER A. ROMERO, ESQ.